1  Michael J. Sarrao – Bar No. 184871
   Radha A. Savitala – Bar No. 225329
2  Sepand Akhavanhadairy – Bar No. 213595
   5451 Walnut Avenue
3  Chino, California 91710
   Telephone:      (909) 464-8847
4  Facsimile:      (909) 464-8887

5
   Attorneys for Plaintiff Prime Healthcare Paradise Valley, LLC
6

7

8

9                          UNITED STATES DISTRICT COURT

10                        SOUTHERN DISTRICT OF CALIFORNIA

11

12
   **PRIME HEALTHCARE PARADISE**        )   Case No. 08 CV 0523 JLS BLM
13 **VALLEY, LLC, a Delaware limited**  )
   **liability company, doing business as** )
14 **Paradise Valley Hospital;**        )   **PLAINTIFF'S OBJECTION/RESPONSE**
                                         )   **TO DEFENDANTS' NOTICE OF**
15           **Plaintiff,**             )   **RELATED CASES**
   **vs.**                              )
16                                       )
   **KAISER FOUNDATION HEALTH**         )
17 **PLAN, INC.; a California corporation, et.** )
   **al.**                              )
18                                       )
             **Defendants.**            )
19                                       )
                                         )
20                                       )
                                         )
21                                       )
                                         )
22 _____ )

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

                                        1

1       Plaintiff Prime Healthcare Paradise Valley, LLC, a Delaware limited liability company

2  doing business as Paradise Valley Hospital hereby objects and responds to the Notice of Related

3  Cases filed by defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and

4  Southern California Permanente Medical Group (collectively "Kaiser" or "Defendants") as

5  follows:

6  **I**

7  **INTRODUCTION**[1]

8       Although the defendants are the same in <u>Prime Healthcare Services II, LLC v. Kaiser</u>

9  <u>Foundation Health Plan, Inc., et. al.</u>, Case No. CV 08-01858 GW FMOx ("<u>Sherman Oaks v.</u>

10 <u>Kaiser</u>"), <u>Desert Valley Hospital, Inc., et. al. v. Kaiser Foundation Health Plan, Inc., et. al.</u>, Case

11 No. EDCV 08-00385 SGL (OPx) ("<u>Desert Valley v. Kaiser</u>"), <u>Veritas Health Services, Inc., et.</u>

12 <u>al. v. Kaiser Foundation Health Plan, Inc., et. al.</u>, Case No. ECV 08-00386 SGL (OPx) ("<u>Chino</u>

13 <u>Valley v. Kaiser</u>"), <u>Prime Healthcare La Palma, LLC, et. al. v. Kaiser Foundation Health Plan,</u>

14 <u>Inc.</u>, Case No. SACV 08-00318 DOC (ANx) ("<u>La Palma v. Kaiser</u>"), and <u>Prime Healthcare</u>

15 <u>Paradise Valley, LLC v. Kaiser Foundation Health Plan, Inc., et. al.</u>, Case No. 08 CV 0523 JLS

16 BLM ("<u>Paradise Valley v. Kaiser</u>") (collectively, the "Cases")[2], the facts and circumstances of

17 each case are different and as such, the cases presents different claims and different questions of

18 fact to be decided by the trier of fact and deeming the cases related and consolidating them for all

19 purposes including trial as requested by Kaiser is not appropriate.  First, <u>La Palma v. Kaiser</u>

20 includes claims for declaratory relief which are unrelated to any of the claims presented in the

21 other cases.  Second, the factual questions presented by this case will include whether the Kaiser

22 enrollee's emergency medical condition was not stabilized such that Kaiser has an obligation to

23 pay for the care provided by the hospital and whether Kaiser paid the hospital the reasonable and

24 customary value of such services.  The evidence presented as to each of these questions of fact

25 will be specific as to each case and will differ among each hospital and each case.  In addition,

26 ―――――――――――――

27 [1] While Plaintiff certainly denies the litany of allegations made by Kaiser in the Notice of Related Cases, Plaintiff, in the interest of brevity, will not endeavor to address the substance of each allegation in this pleading.

28 [2] Plaintiff anticipates filing a motion to remand this action back to state court.

2

**OBJECTION/RESPONSE TO NOTICE OF RELATED CASES**

1  the court will be faced with an evidentiary nightmare if the cases are consolidated for all

2  purposes including trial as witnesses in one case may have no relevance to other cases and

3  evidence which may be relevant in one case may have no relevance to other cases and may only

4  confuse the trier of fact.  Based on the foregoing and as discussed below, the court should

5  request defendants' request to deem the Cases related.

6                                            **II**

7      **THE COURT SHOULD REJECT KAISER'S REQUEST TO DEEM THE CASES**

8                                        **RELATED.**

9          The Cases should reject Kaiser's request to deem the Cases related because: (1) <u>La Palma</u>

10  <u>v. Kaiser</u> presents claims which are unique to that case and have nothing to do with the other

11  cases; (2) each case presents unique factual questions which will require the presentation of

12  different and unique evidence; and (3) the court will be faced with an evidentiary nightmare if

13  the Cases are consolidated for purposes of trial.  First, <u>La Palma v. Kaiser</u> includes claims for

14  declaratory relief which call into question the enforceability of purported contracts between

15  Kaiser and the three hospitals which are asserting claims against Kaiser in <u>La Palma v. Kaiser</u>.

16  These claims are unique to <u>La Palma v. Kaiser</u> as the other cases do not include similar claims.

17          Second, each case presents factual issues which will require the presentation of different

18  and unique evidence.  For example, in <u>Desert Valley v. Kaiser</u>, plaintiffs will present testimony

19  from the different physicians who made the determination that the emergency medical conditions

20  of Kaiser enrollees were not stabilized based on their actual examination of the patient in order to

21  establish that Kaiser must pay for the services in question.  This testimony is specific to the

22  claims presented by the plaintiffs in <u>Desert Valley v. Kaiser</u> because each of the patients are

23  unique.  <u>Desert Valley v. Kaiser</u> will also present unique factual issues as the transfer of any

24  patient from Desert Valley Hospital to a Kaiser hospital requires a trip down the dangerous

25  Cajon Pass whereas all of the other hospitals are located below the Cajon Pass.  Likewise, in

26  <u>Sherman Oaks v. Kaiser</u>, plaintiff will present testimony from Dr. Richard Grossman, a world

27  renowned burn surgeon, as to why a Kaiser enrollee who had burns across her body was not

28  stable for transfer in order to establish that Kaiser is required to pay for the care provided to this

                                            3

1  patient and Kaiser's failure to pay for any portion of the care provided to this patient constitutes

2  a breach of its obligation.  State law also provides that the "prevailing provider rates charged in

3  the general geographic area in which the services were rendered" is a factor to be considered in

4  determining the reasonable and customary value of the services rendered.  Cal.Code Regs., Tit.

5  28, § 1300.71, subd. (a)(3).  In light of this factor, the Cases have been grouped together by

6  geographic regions.  For example, La Palma v. Kaiser involves three hospitals located in Orange

7  County whereas Paradise Valley v. Kaiser involves a hospital located in San Diego County and

8  will involve different evidence as to the prevailing provider rates charged in the geographic area.

9          Third, Kaiser's request to consolidate the Cases for all purposes including trial should be

10  denied because it will create an evidentiary nightmare as each case relies on different evidence

11  that may not be relevant to the other cases.  For example, testimony from Dr. Richard Grossman

12  about why a Kaiser enrollee with burns across her body was not stable for transfer may not be

13  relevant to claims asserted by Paradise Valley Hospital in Paradise Valley v. Kaiser or the claims

14  asserted by Chino Valley Medical Center in Chino Valley v. Kaiser.  Likewise, testimony

15  regarding the dangers presented by a patient being transported down the dangerous Cajon Pass in

16  order to get to a Kaiser facility may not be relevant to claims asserted in the other cases.  In

17  either case, the court will likely be flooded with a litany of motions of limine and be forced to

18  determine how to proceed with a trial with such different evidence.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III**

**<u>CONCLUSION</u>**

    Based on the foregoing, plaintiff requests that this court reject Kaiser's request to deem the Cases related and to consolidate the Cases for all purposes including trial.

**MICHAEL J. SARRAO, ESQ.**
**RADHA A. SAVITALA, ESQ.**

Dated: April 3, 2008

By: <u>/s/ Michael J. Sarrao</u>
     Michael J. Sarrao
     Attorneys for Plaintiff Prime Healthcare Paradise
     Valley, LLC

5

**OBJECTION/RESPONSE TO NOTICE OF RELATED CASES**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the City of Chino, County of San Bernardino, State of California. I am over the age of 18 years and not a party to the within action. My business address is 5451 Walnut Avenue, Chino, California.

On **April 3, 2008**, I served the documents named below on the parties in this Action as follows:

DOCUMENT(S) SERVED:  **PLAINTIFF'S OBJECTION/RESPONSE TO NOTICE OF RELATED CASE**

SERVED UPON:  **SEE THE ATTACHED SERVICE LIST**

**[X]**  **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Chino, California. I am readily familiar with the practice of Chino Valley Medical Center for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in affidavit.

**[ ]**  **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as completed and without error. Pursuant to C.R.C. 2009(i), I either caused, or had someone cause, the transmitting machine to properly transmit the attached documents to the facsimile numbers shown on the service list.

**[ ]**  **(BY OVERNIGHT DELIVERY)** I am readily familiar with the practice of Chino Valley Medical Center for collection and processing of documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express or Overnite Express for overnight delivery or by Express Mail via the United States Postal Service.

**[ ]**  **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses as listed above and/or on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[x]**  **(FEDERAL)** I declare that I am a member of the bar of this court. I declare under penalty of perjury that the foregoing is true and correct.

Executed on **April 3, 2008**, at Chino, California.

_____
Michael J. Sarrao

**Counsel for Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group**
William A. Helvelstine
Andrew J. Hefty
Jamie S. Platto
Carri Becker Maas
Epstein Becker & Green
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone (415) 398-3500
Facsimile (415) 398-0955