William A. Helvestine     State Bar No. 58755
Andrew J. Hefty           State Bar No. 220450
Jamie S. Platto           State Bar No. 226723
Carri Becker Maas         State Bar No. 245816
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:   415.398.3500
Facsimile:   415.398.0955
whelvestine@ebglaw.com
ahefty@ebglaw.com
jplatto@ebglaw.com
cmaas@ebglaw.com

Attorneys for Defendants,
KAISER FOUNDATION HEALTH PLAN, INC.,
KAISER FOUNDATION HOSPITALS, and SOUTHERN
CALIFORNIA PERMANENTE MEDICAL GROUP

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE PARADISE VALLEY, LLC, a Delaware limited liability company, doing business as Paradise Valley Hospital,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California corporation, et al.,<br><br>Defendants. | CASE NO.  3:08-CV-0523-JLS-BLM<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**<br><br>Honorable Janis L. Sammartino<br><br>Date:        July 25, 2008<br>Time:       10:30 a.m.<br>Courtroom:  6 |

///
///
///
///
///
///
///

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................1

III. ARGUMENT ...................................................................................................................2

   A. Legal Standard for Motion to Strike ...................................................................2

   B. Prime's Allegations and Exhibits Regarding the Closure and Financial Conditions of Other Hospitals, and Lawsuits Filed by Other Hospitals Are Unrelated to Prime's Claims and Should Be Stricken .............................................................................................................3

   C. Prime's Allegations About Kaiser's Alleged Profits and Medical Loss Ratios Are Unrelated to Prime's Claims, Scandalous and Should Be Stricken .................................................................................................4

   D. Prime's Allegations and Exhibit Related to Enforcement Actions Against Kaiser by the Department of Managed Health Care Are Unrelated to Prime's Claims and Should Be Stricken .........................................5

IV. CONCLUSION ................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*,
 217 F. Supp. 2d 1028 (C.D. Cal. 2002) ...........................................................................2

*California ex rel. State Lands Comm'n v. United States*,
 512 F. Supp. 36 (N.D. Cal. 1981) ....................................................................................2

*Cobell v. Norton*,
 224 F.R.D. 1 (D.D.C. 2004)..............................................................................................2

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993),
 rev'd on other grounds, 510 U.S. 517,
 114 S.Ct. 1023, 127 L.Ed. 2d 455 (1994), ........................................................................2

*Geddes v. United Financial Group*,
 559 F.2d 557 (9th Cir. 1977) ............................................................................................4

*In re 2TheMart.com Inc. Securities Litigation*,
 114 F.Supp.2d 955 (C.D. Cal. 2000) ................................................................................2

*Lipsky v. Commonwealth United Corp.*,
 551 F.2d 887 (2nd Cir. 1976)............................................................................................6

*Marvin Johnson, P.C. v. Shoen*,
 888 F. Supp. 1009 (D. Ariz. 1995) ...................................................................................4

*U.S. Football League v. National Football League*,
 634 F. Supp. 1155 (S.D.N.Y. 1986)..................................................................................3

*Wailua Associates v. Aetna Cas. and Sur. Co.*,
 183 F.R.D. 550 (D. Hawai'i 1998)....................................................................................5

## DOCKETED CASES

*Alvarado Hospital Medical Center v. Kaiser Foundation Health Plan*,
 OCSC Case No. 06CC13335.............................................................................................6

*South Coast Medical Center v. Kaiser Permanente*,
 OCSC Case No. 05CC12905.............................................................................................6

**FEDERAL RULE**

Federal Rule of Civil Procedure 12(f) ...................................................................................1, 2

**OTHER AUTHORITY**

Charles Wright & Arthur R. Miller, Federal Practice and Procedure
  § 1382, at 706-07 (1990).................................................................................................2

## I. INTRODUCTION

Federal Rule of Civil Procedure 12(f) provides that a party may move to strike any "redundant, immaterial, impertinent or scandalous matter" from any pleading. The 70-page Complaint (including exhibits) filed by Plaintiff Prime Healthcare Paradise Valley, LLC (hereinafter "Prime") is rife with immaterial and impertinent matter that has no bearing on the claims asserted against Defendants in this action and should be stricken.

The Notice of Motion specifically delineates the paragraphs, or portions of paragraphs, and exhibits that should be stricken. These paragraphs fall into three general categories: (1) allegations and exhibits regarding the closure and financial condition of hospitals other than Prime and lawsuits filed against Kaiser by other hospitals; (2) allegations about Kaiser's alleged profits and medical loss ratios; and (3) allegations and an exhibit related to enforcement actions against Kaiser by the Department of Managed Health Care. These allegations and materials are irrelevant and immaterial to Prime's claims, would require Kaiser to respond to voluminous superfluous matters, would unnecessarily and unjustifiably expand the potential scope of discovery and trial in this matter, and are prejudicial to Kaiser. Accordingly, they should be stricken.

## II. BACKGROUND

Prime's causes of action all relate to one thing – Prime's claim that it should be paid for medical services provided to Kaiser members for which Prime alleges it was not paid, or was underpaid. Each of the seven causes of action is merely a variant on, and different approach to obtain, the same thing.

These claims for payment of services are alleged in the portions of the Complaint that are <u>not</u> subject to this Motion. The primary issues in Prime's Complaint relate to Kaiser's non-payment of claims for post-stabilization care and the reasonable value of Prime's services. For additional background, the Court is respectfully directed to Kaiser's previously filed Notice of Related Cases and Motion to Dismiss. Regretfully, Prime has larded its Complaint with irrelevant, impertinent and scandalous material in a blatant attempt to slur Kaiser, and to expand

///

- 1 -

and confuse the issues in this case unjustifiably.  This material has no place in the Complaint, and should be stricken.

## III. ARGUMENT

### A. Legal Standard for Motion to Strike

Federal Rule of Civil Procedure 12(f) empowers this Court to "order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter."  "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citations omitted).  Immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).  Impertinent matter includes "statements that do not pertain, and are not necessary, to the issues in question." *Ibid.* "Scandalous" material is that which "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004) (citing 2 Moore's Federal Practice § 12.37[3] at 12-97; *In re 2TheMart.com Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000)).  Scandalous matter also includes allegations that cast "a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Securities Litigation*, 114 F. Supp. 2d at 965 (citations omitted).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial …." *Ibid.* "[W]here the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (citations omitted); see also *Fantasy, Inc.*, 984 F.2d at 1524 (the matter lies with the sound discretion of the trial court if granting the motion will make the trial less complicated).

The portions of Prime's Complaint that Kaiser moves to strike are clearly immaterial, and impertinent and scandalous and add nothing to the claims asserted. Eliminating these allegations and extraneous materials will streamline the case and its preparation and prevent prejudice to Kaiser.

**B. Prime's Allegations and Exhibits Regarding the Closure and Financial Conditions of Other Hospitals, and Lawsuits Filed by Other Hospitals Are Unrelated to Prime's Claims and Should Be Stricken**

Prime's allegations about the closure or bankruptcy filings of hospitals other than Prime, as well as lawsuits filed by other hospitals (Complaint, p. 2, line 2, through p. 3, line 7; ¶ 19, p. 14, lines 15-21; and Exhibits 2 and 3), are immaterial and irrelevant to Prime's claims. Whether and why hospitals, which are not parties to this action, may have closed, filed for bankruptcy, or sued Kaiser are entirely irrelevant to Prime's claims that it is entitled to payment from Kaiser for services rendered to Kaiser members. Permitting such allegations against Kaiser would substantially and unnecessarily add to the discovery and trial in this matter and would significantly prejudice Kaiser in the process.

Similarly, Prime's allegations that Kaiser's actions are "interfering with the efficient operation of emergency departments throughout Southern California" (Complaint, ¶ 16 at p. 8, lines 14-15) and that other "provider[s] of Emergency Medical Services … must deal with defendants' improper denial of claims for emergency services and other improper conduct and that both healthcare providers and enrollees have had to deal with such conduct" (Complaint, ¶ 18 at p. 13, lines 10-13) are irrelevant, immaterial, and well beyond the scope of Prime's claims in this case.

Additionally, these extraneous allegations and materials would only serve to prejudice Kaiser by creating the unsupported impressions that: (1) Kaiser is somehow responsible for the financial and other problems of these other, non-party hospitals; and (2) Kaiser, therefore, underpaid Prime here. *See*, *e.g.*, *U.S. Football League v. National Football League*, 634 F. Supp. 1155, 1173 (S.D.N.Y. 1986) (evidence of prior antitrust judgments against the defendant were inadmissible and properly stricken from the complaint because they would have "permit[ed]

///

- 3 -

plaintiffs to create an 'aura of guilt' or to 'imply new wrongdoing from past wrongdoing'") (citations omitted). These allegations and exhibits related to non-parties should be stricken.

### C. Prime's Allegations About Kaiser's Alleged Profits and Medical Loss Ratios Are Unrelated to Prime's Claims, Scandalous and Should Be Stricken

As noted above, all of Prime's claims in this matter are premised on its assertion that Kaiser has failed to pay, or has underpaid, Prime for services rendered to Kaiser members. Prime's allegations about the amount of "profits" Kaiser made, its medical loss ratios, or benefits paid to Kaiser's employees (Complaint, p. 2, lines 2-5 and 14-27; ¶ 10 at p. 6, lines 5-16; ¶ 12 at page 6, line 26, through p. 7, line 2; and ¶ 13, p. 7, lines 3-7) are not relevant to the issues of whether Kaiser was obligated, contractually or otherwise, to pay for any services rendered to Kaiser members or whether Kaiser interfered with Prime's alleged contracts with Kaiser members.

Prime's allegations are simply a masked attempt to argue that Kaiser is not entitled to equal justice due to its finances. Such arguments are irrelevant and prohibited. *See*, *e.g.*, *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("It has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded … the ability of a defendant to pay … injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result.").

Thus, "evidence of a defendant's wealth is ordinarily not admissible" and may be admitted only "where it relates to a substantive issue at trial." *Marvin Johnson, P.C. v. Shoen*, 888 F. Supp. 1009, 1013-1014 (D. Ariz. 1995) (citations omitted). Here, Kaiser's alleged "profits" and other financial information are not relevant to any of Prime's claims. They are, consequently, irrelevant, immaterial, and prejudicial.

Prime's allegations about Kaiser's alleged "profits" are also scandalous as they falsely assert and imply that Kaiser, which is non-profit and tax exempt, makes and is motivated by

///

///

- 4 -

substantial "profits."[1] "In deciding a motion to strike scandalous material, the Court has wide discretion." *Wailua Associates v. Aetna Cas. and Sur. Co.*, 183 F.R.D. 550 (D. Hawai'i 1998) (striking as scandalous allegation that insurance company was engaged in "siege warfare" against the plaintiff) (citations omitted).

Prime's allegation that a Kaiser employee was terminated for raising complaints that Kaiser was wasting money on "inefficient and ineffective information technology projects" (Complaint, ¶ 17 at p. 12, line 28, through p. 18, line 9) similarly has absolutely nothing to do with Prime's claims that it was inadequately compensated for services rendered to Kaiser members.

All of these allegations about Kaiser's "profits," medical loss ratios, benefits paid to its employees, or the termination of employees are irrelevant, immaterial and scandalous, would unnecessarily add to the potential discovery and trial in this matter, and would serve to prejudice Kaiser. As such, they should be stricken.

### D. Prime's Allegations and Exhibit Related to Enforcement Actions Against Kaiser by the Department of Managed Health Care Are Unrelated to Prime's Claims and Should Be Stricken

Prime has also included irrelevant allegations about enforcement actions against Kaiser and a non-routine medical survey of Kaiser by the Department of Managed Health Care ("DMHC") (Complaint, ¶ 18, p. 13, line 10, through p. 14, line 14). Prime also attached to its Complaint a DMHC Final Report of a Non-Routine Medical Survey of Kaiser ("Survey") and a Letter of Agreement between Kaiser and the DMHC related to the Survey (Complaint, Exh. 1). These allegations and materials are irrelevant and immaterial and should be stricken.

---

[1] In a classic example of the pot calling the kettle black, Prime indulges in hyperbole about Kaiser making "profits." Prime's purpose in making these statements is obvious, albeit improper: As an investor owned, Wall Street driven company, Prime seeks to divert attention away from its own, profit-seeking practices. Prime's statements about Kaiser are not only irrelevant and scandalous, but false. As a non-profit, public benefit, tax exempt organization, Kaiser by definition does not have "profits." To the extent Kaiser's revenue exceeds expenses in a given year, those funds are not distributed to owners or shareholders. They are instead available for such purposes as constraining future increases in premium costs for its enrollees and re-investing in health care infrastructure, such as building hospitals.

1          First, there are no findings specific to Prime in the Survey. Indeed, Prime is not
2  mentioned anywhere in the Survey. Prime does not even make a bare allegation that any of the
3  Survey's findings of deficiencies were based on Kaiser's interactions with Prime. Further, Prime
4  describes this material as relating to *other* service providers who are not parties to this action:
5  "Plaintiff is informed and believes that it is not the only provider of Emergency Medical Services
6  that must deal with defendants' improper denial of claims …." (Complaint, ¶ 18 at p. 10, lines
7  10-11). Thus, the Survey and Prime's allegations about the Survey are irrelevant and immaterial
8  to Prime's claims and should be stricken.
9          Second, the Letter Agreement entered into by Kaiser and the DMHC is analogous to a
10 consent judgment, which has been held inadmissible and, thus, properly stricken from
11 Complaints. *See*, *e.g.*, *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2nd Cir.
12 1976) (upholding order striking references from a Complaint to an SEC consent judgment
13 because it was an agreement between a federal agency and a private corporation which was not
14 the result of an actual adjudication of any issues). Consequently, Exhibit 1 to Prime's Complaint
15 and all of Prime's allegations about DMHC enforcement actions against Kaiser should be
16 stricken, as they have nothing to do with Prime's claims in this matter.

**IV.   CONCLUSION**

         For all the foregoing reasons, this Court should strike the aforesaid portions of the
Complaint.

DATED: April 24, 2008                  Respectfully submitted,

                                       EPSTEIN BECKER & GREEN, P.C.

                                       By:  s/ William A. Helvestine
                                            William A. Helvestine
                                            Andrew J. Hefty
                                            Jamie S. Platto
                                            Carri Becker Maas
                                       Attorneys for Defendants, KAISER
                                       FOUNDATION HEALTH PLAN, INC.,
                                       KAISER FOUNDATION HOSPITALS, and
                                       SOUTHERN CALIFORNIA PERMANENTE
                                       MEDICAL GROUP